### LARRENCE *v.* LANNING.

Case for malicious prosecution. The plaintiff introduced, as a witness, the justice before whom the prosecution alleged to have been malicious was instituted, and offered to prove what the witnesses other than the defendant testified on that prosecution. The Court permitted the proof to be made. *Held*, that this was error.

ERROR to the *Franklin* Circuit Court.

PERKINS, J.—*Lanning*, by his next friend, sued *Larrence* in an action on the case for malicious prosecution. The defendant pleaded the general issue; the cause was tried by a jury; and the plaintiff had judgment.

On the trial the plaintiff introduced as a witness, the

justice before whom the prosecution, alleged to have been malicious was instituted and carried on to its termination, and offered to prove by him what the witnesses, other than the defendant to this suit, testified on that prosecution. The defendant objected to his making such proof by said justice on the ground that those witnesses should themselves be called, but the Court overruled the objection and permitted the proof to be made by the justice. This is the only error complained of.

The Court erred in so permitting the justice to testify. This is settled by authority. *Richards* v. *Foulke*, 3 Ohio, 52.—*Burt* v. *Place*, 4 Wend. 591.—2 Greenl. Ev. 373.

The question in the action for malicious prosecution was, whether the prosecution before the justice was malicious and without probable cause; and that was to be determined by what might be shown on the trial of the action for malicious prosecution, not by what was shown on the prosecution alleged to have been malicious and without probable cause. New facts might have come to the knowledge of the same, or other witnesses. The testimony on the second trial might be different from that on the first.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*G. Holland* and *J. B. Sleith*, for the defendant.